**UNITED STATES of America**

**v.**

**Mitchell McGUIRE, Defendant**

**No. CR. 03–8–P–C–01.**

United States District Court, D. Maine.

June 9, 2003.

George T. Dilworth, Office of the U.S. Attorney, Portland, ME, for USA, Plaintiff.

Gregg D. Bernstein, Lipman, Katz & McKee, Augusta, ME, Howard F. O'Brien, Strike, Goodwin & O'Brien, Portland, ME, for Mitchell McGuire, Defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Senior District Judge.

Defendant Mitchell McGuire has moved this Court to suppress all evidence seized as the result of a search warrant executed on December 30, 2002. Defendant contends that this warrant was based on an affidavit containing material misstatements of facts made with a reckless disregard of the truth, and that any evidence seized was in violation of Defendant's Fourth Amendment rights to the United States Constitution.

In order to suppress evidence obtained as a result of false statements made in an affidavit supporting a search warrant, a defendant must make a preliminary showing that he is entitled to a hearing to challenge such statements. Under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), a defendant may obtain a suppression hearing if s/he makes a substantial preliminary showing that (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included in the warrant affidavit, and (2) the falsehood was necessary to the finding of probable cause. *Id.* at 171–72, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667. To succeed in making a showing on the first element, *Franks* requires that "the challenger's attack [ . . . ] be more than conclusory and [ . . . ] be supported by more than a mere desire to cross-examine." *Id.* at 171. The allegations of deliberate falsehood or of reckless disregard for the truth:

must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements

of witnesses should be furnished, or their absence satisfactorily explained.

*Id.*

 Defendant does not meet this burden. In his motion, Defendant alleges that the sworn assertions made by the officer in his affidavit for a search warrant contain false information. *See* Motion to Suppress with Incorporated Memorandum of Law (Docket Item No. 30) at 3. Defendant points out that there is more detailed identifying information in the officer's affidavit than in the written statements of two of the witnesses,[1] and that therefore the witness statements indicate that the information in the affidavit was incorrect. *Id.* However, Defendant makes no offer of proof, and furnishes no affidavit or sworn or otherwise reliable statements of any witnesses to support these allegations, or to show that the officer could not have gained this information from another source or from the witnesses themselves in the course of another interview.[2] Moreover, Defendant does not explain the absence of such supporting affidavits or statements. Courts reviewing a magistrate's decision to issue a search warrant must accord "considerable deference" to his or her probable cause determination. *See U.S. v. Zayas–Diaz*, 95 F.3d 105, 111 (1st Cir.1996) (*citing United States v. Taylor*, 985 F.2d 3, 6 (1st Cir.), *cert. denied*, 508 U.S. 944, 113 S.Ct. 2426, 124 L.Ed.2d 647 (1993)). Without some offer of proof by Defendant showing that the probable cause determination in the instant case was based on a deliberate falsehood by the affirming officer, the Court will not re-

verse the issuing magistrate's conclusion that probable cause exists.

Because Defendant has failed to make the substantial preliminary showing necessary to obtain a *Franks* hearing or to show that any false statement was knowingly and intentionally made by the officer in the application for the warrant, his Motion to Suppress is **DENIED**.

---

1. There were a total of three witness statements. Defendant does not even mention the third.

2. For example, Defendant has not provided an affidavit from these witnesses attesting that they never said these things to the officer. While it is true that the officer's affidavit avers that both witnesses stated that they rec-

ognized the intruder in their house as Defendant and only the written statement of one of witnesses in fact affirms this, this does not mean that both witnesses could not have orally stated this to the officer, or that the officer could not have gained this information from some other source.